# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANDRIA D. DOWNS,**

    **Plaintiff,**

v.                                                Case No.:  2:19-cv-3699
                                                 JUDGE SARAH D. MORRISON
                                                 Magistrate Judge Jolson

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

    This case is before the Court to consider the *Report and Recommendation* issued by the Magistrate Judge on April 7, 2020.  The Magistrate Judge recommended that Plaintiff's Statement of Errors be overruled, the decision of the Commissioner of Social Security be affirmed, and that judgment be entered in favor of Defendant, the Commissioner of Social Security.  (ECF No. 17).  This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's *Report and Recommendation*.  (ECF No. 18).  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

    Plaintiff asserts two main objections to the *Report and Recommendation*:  (1) the ALJ erred in failing to consider Plaintiff's mental health impairments (conversion disorder, anxiety disorder, schizoaffective disorder, and personality disorder) under the Listings of Impairment; and (2) the ALJ failed to consider the severity of these diagnoses and further failed to consider them amidst the construction of the Residual Functional Capacity.

Plaintiff first argues that the ALJ erred in his Listings analysis, failing to consider listings that corresponded with her mental health disorders.  Plaintiff relies on Nurse Practitioner Berlin's Psychiatric Review Technique form.  However, the Magistrate Judge highlights that Ms. Berlin cites to no medical evidence and offers no explanation for the opinions she offered in her check-the-box form.  (ECF No. 17, R&R at 8).  The Magistrate Judge ultimately concluded that Ms. Berlin's check-the-box form was not "specific evidence that demonstrates [Plaintiff] reasonably could meet or equal every requirement of [Listings 12.03 and 12.06]."  (ECF No. 17, R&R at 8, citing *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432–33 (6th Cir. 2014)).

Plaintiff's argues that the Magistrate Judge erred in her analysis of what "specific evidence" is required.  (ECF No. 18, Pl.'s Objs. at 3).  The Court disagrees.  Plaintiff has failed to identify the necessary evidence and "an ALJ may properly discount a treating physician's opinion when the opinion is in the format of a conclusory checkbox questionnaire."  *Yoder v. Saul,* No. 1:18-CV-1831, 2019 WL 4451379, at *11 (N.D. Ohio Sept. 17, 2019) (citing *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016)); *see also Collins v. Comm'r of Soc. Sec.*, No. 2:18-CV-53, 2019 WL 4645737, at *8 (W.D. Mich. Aug. 30, 2019) report and recommendation adopted, No. 2:18-CV-53, 2019 WL 4643807 (W.D. Mich. Sept. 24, 2019) (quotation marks and citation omitted) ("Form reports in which a doctor's obligation is only to check a box, without explanations of the doctor's medical conclusions are weak evidence at best.").

In her second objection, Plaintiff argues that the ALJ failed to consider the severity of her mental health impairments (conversion disorder, anxiety disorder, schizoaffective disorder, or

personality disorder).  Specifically, Plaintiff asserts that the ALJ erred in not evaluating these disorders in Step Two and then failed to evaluate the impact of these disorders in formulating Plaintiff's RFC.  (ECF No. 18, Pl.'s Objs. at 4–5).

The Court agrees with the Magistrate Judge's conclusion that the ALJ did not err in not mentioning the aforementioned disorders in his analysis.  The ALJ accounted for the functional limitations Plaintiff experienced as a result of her conversion disorder, anxiety disorder, schizoaffective disorder, panic disorder, and personality disorder.  Plaintiff's healthcare providers generally referenced her mental health disorders collectively.  The ALJ then tailored Plaintiff's RFC to account for the impairments resulting from these disorders.

The Court has carefully considered Plaintiff's objections, but ultimately agrees with the Magistrate Judge's conclusions.  Therefore, for the reasons stated in the well-reasoned *Report and Recommendation*, this Court finds that Plaintiff's objections are without merit.

Based on the aforementioned, and the detailed *Report and Recommendation*, the Court finds that Plaintiff's objections have been thoroughly considered and are hereby **OVERRULED**.  Accordingly, the *Report and Recommendation,* Document 17, is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Document 17 from the Court's pending motions list and enter final judgment in favor of Defendant, the Commissioner of Social Security.

**IT IS SO ORDERED.**

 */s/* **Sarah D. Morrison**
**SARAH D. MORRISON, JUDGE**
**UNITED STATES DISTRICT COURT**